UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHARLES E. IVY<br>516 River Hwy., Ste. D. PMB 371<br>Mooresville, NC 28117<br>　　　*PLAINTIFF*<br>v.<br><br>SCOTT BESSENT, in his official capacity<br>As Secretary of the Treasury,<br>1500 Pennsylvania Ave. NW<br>Washington, D.C. 20220,<br><br>The UNITED STATES MINT, FT. KNOX<br>UNITED STATES DEPARTMENT OF<br>THE TREASURY,<br>1500 Pennsylvania Ave. NW<br>Washington D.C. 20220,<br>　　　*DEFENDANTS* | ) <br> ) <br> ) CASE NO. 3:25-cv-587-GNS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

This complaint filed by Plaintiff Charles E. Ivy, by counsel, is one involving an employment discrimination action under Title VII of The Civil Rights Act Of 1964 claim that was dismissed by the Equal Employment Opportunity Commission.

**I. JURISDICTION AND VENUE**

1. This is an action for employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-16(c), which authorizes civil actions by federal employees following final action by the Equal Employment Opportunity Commission ("EEOC").

3. Venue is proper in the Western District of Kentucky pursuant to 42 U.S.C. § 2000e-5(f)(3). The unlawful employment practices alleged in this Complaint occurred at the United States Mint Bullion Depository located in Fort Knox, Kentucky, which lies within this District. The employment records relevant to Plaintiff's claims are maintained and administered in Kentucky, and but for the alleged unlawful practices, Plaintiff would have continued working in Kentucky. Although Plaintiff now resides in North Carolina, the vast majority of witnesses, documents, and events giving rise to this action are located in Kentucky, making this District the most appropriate and convenient forum for adjudication.

## II. PARTIES

4. Plaintiff Charles Ivy ("Plaintiff") is an African American male, formerly employed as an Administrative Sergeant with the United States Mint Bullion Depository ("USBD") in Fort Knox, Kentucky, currently living in North Carolina.

5. Defendant Scott Bessent is the duly appointed Secretary of the Department of the Treasury. He is sued in his official capacity.

6. Defendant the U.S. Mint (Ft. Knox) U.S. Department of the Treasury ("Treasury") is an agency of the United States located in Hardin County Kentucky, under the direction and control of the Treasury.

## III. ADMINISTRATIVE PROCEDURE

7. Plaintiff timely filed a formal complaint of discrimination with the Department of the Treasury on or about May 30, 2024 (TD Case No. MINT-24-0692) and exhausted his administrative remedies.

8. The Agency issued a Final Agency Decision ("FAD") on October 9, 2024, dismissing Plaintiff's claims for failure to state a claim.

9. Plaintiff timely appealed to the EEOC's Office of Federal Operations (OFO). On June 12, 2025, the OFO affirmed dismissal of his complaint in Appeal No. 2025000591.

10. This civil action is timely filed within ninety (90) days of Plaintiff's receipt of the OFO decision, as required by 42 U.S.C. § 2000e-16(c).

## IV. FACTUAL ALLEGATIONS

11. Plaintiff began his employment with the United States Mint at Fort Knox on February 12, 2023.

12. Throughout his employment, Plaintiff was subjected to discrimination on the basis of race (African American) and color (Black) in violation of Title VII.

13. Each year, the Agency circulates sign-up sheets for collateral duties. These sheets allow employees to volunteer for committees and collateral assignments that provide exposure, networking, and professional development opportunities.

14. However, Plaintiff and other African American men were systematically excluded from the Mid-Year and End-of-Year Award Committees (EOY Committees).

15. The Field Chief unilaterally selected committee members without providing an opportunity for African American employees, including Plaintiff, to volunteer.

16. Historically, no African American men have served on these award committees, nor have any been recipients of the awards, despite repeated nominations of African American employees.

17. By contrast, White employees were routinely selected to serve on the committees and, in turn, were more likely to receive awards and promotions.

18. Committee service provided valuable career-building opportunities, including visibility with decision-makers, leadership development, and favorable consideration for promotion.

19. Plaintiff was personally harmed by being denied access to these opportunities. His exclusion diminished his chances for advancement, professional recognition, and compensation.

20. Plaintiff's exclusion also caused emotional distress, humiliation, and frustration, reinforcing a hostile and discriminatory environment at Fort Knox.

21. Plaintiff timely contacted an EEO Counselor and pursued administrative remedies.

22. The Agency dismissed his complaint for failure to state a claim by failing to allege personal harm, and the EEOC affirmed the dismissal on June 12, 2025. (Exhibit 1) Both decisions misapplied Title VII standards, ignored record evidence, and failed to address the systemic nature of the exclusion.

## V. CAUSES OF ACTION

### COUNT I – DISPARATE TREATMENT
(Title VII, Race and Color Discrimination)

23. Plaintiff realleges paragraphs 1 through 22.

24. Defendant intentionally discriminated against Plaintiff because of his race and color by excluding him from Mid-Year and EOY Award Committees, thereby denying him career opportunities and recognition afforded to similarly situated White employees.

25. Defendant's actions constitute unlawful discrimination under Title VII, 42 U.S.C. § 2000e-16.

## COUNT II – DISPARATE IMPACT (Title VII)

26. Plaintiff realleges paragraphs 1 through 25.

27. Defendant's practice of allowing the discretionary committee selection process conducted solely by the Field Chief without transparent criteria, had a disparate impact on African American men, who were never selected for service.

28. The lack of objective procedures and the exclusion of African American employees from committees violated Title VII's prohibition on practices that disproportionately harm protected classes including, but not limited to, denial of career-enhancing opportunities.

## COUNT III – CONSTRUCTIVE DISCHARGE (Preservation)

29. Plaintiff realleges paragraphs 1 through 28.

30. Plaintiff was subjected to a pattern of harassment, exclusion, and discriminatory practices that created intolerable working conditions, leading to his constructive discharge on March 23, 2024.

31. This claim is currently pending in a related mixed case with the MSPB but is preserved here to the extent it arises under Title VII and not seeking duplicative relief here.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant as follows:

1. Judgment in favor of Plaintiff and against Defendants on all claims asserted;

2. A trial by Jury;

3. An award of compensatory damages for emotional pain, suffering, humiliation, and loss of enjoyment of life;

4. Award Plaintiff backpay, lost benefits, and other pecuniary damages associated with career opportunities denied;

5. An award to Plaintiff of his costs, pre- and post-judgment interest, and reasonable attorneys' fees; and

**6.** Grant any such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

//s/ *C. Mike Moulton*
C. MIKE MOULTON
LYN TAYLOR LONG
Moulton & Long PLLC
58 Public Square
Elizabethtown, Kentucky 42701
Tel. (270) 766-1800
Email: cmike@ml-kylaw.com
lyn@ml-kylaw.com